IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IVAN D. BRUETTE,

                                                                                       ORDER

                    Plaintiff,

                                                                                    08-cv-28-jcs

     v.

MIKE LANG, KENNETH ADLER,
TAMMY MADSEN and CARLA THOMPSON,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Because Judge Shabaz will be recuperating from shoulder surgery for a period of not less than two months, I have assumed administration of the cases previously assigned to him, including this one. On January 25, 2008 Judge Shabaz allowed plaintiff to proceed on his Eighth Amendment claim that defendants Mike Lang, Kenneth Adler, Tammy Madsen and Carla Thompson were deliberately indifferent to his serious back pain. On February 20, 2008, plaintiff moved for appointment of counsel.

      The Court of Appeals for the Seventh Circuit has held that before a district court can consider a motion for appointment of counsel, it must first find that the plaintiff made reasonable efforts to find a lawyer on his own and was unsuccessful or was prevented from

1

making such efforts.  Jackson v. County of McLean, 953 F.2d 1070  (7th Cir. 1992). Plaintiff suggests that he has not been able to secure representation on his own, but he has not shown that he has made reasonable efforts to do so.  To show that he has made reasonable efforts to find a lawyer, plaintiff must submit the names and addresses of at least three lawyers that he asked to represent him and who turned him down.  He can obtain the names of lawyers in the Western District of Wisconsin whose practices include prisoner cases by contacting the Wisconsin State Bar Lawyer Referral and Information Service at P.O. Box 7158, Madison, Wisconsin, 53707, 1-800-362-8096.

Plaintiff should be aware that even if he is unsuccessful in finding a lawyer on his own, that does not mean that one will be appointed for him.  At that point, I must consider both the complexity of the case and the pro se plaintiff's ability to litigate it himself.  Pruitt v. Mote, 503 F.3d 547, 654-55 (7th Cir. 2007).  In particular, I must analyze the plaintiff's capabilities in light of the challenges specific to his case, including evidence gathering, preparing and responding to motions and other court filings, and trial.  At this early stage, the case is simply too new to allow the court to evaluate plaintiff's abilities against the difficulty of his case.  Therefore, his motion will be denied without prejudice to his renewing the motion at a later time.

ORDER

IT IS ORDERED that plaintiff's motion for appointment of counsel is DENIED without prejudice.

Entered this 3rd day of March, 20008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3