IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IVAN D. BRUETTE,

                        Plaintiff,

v.

MIKE LANG, KENNETH ADLER,
TAMMY MADSEN and CARLA THOMPSON,

                        Defendants.

ORDER

08-cv-28-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In accordance with the informal service agreement between the Attorney General and this court, the Wisconsin Department of Justice has informed the court that it did not accept informal service of process for the defendant plaintiff identified in his complaint as Mike Lang, because there is no Mike Lang employed by the Wisconsin Department of Corrections. Subsequently, plaintiff advised the court that there is a Sergeant Lang who works at the Jackson Correctional Institution and that is the person he intended to sue. Now, in response to plaintiff's clarification, the department has informed this court that there is a Sergeant David Lang who is employed at the Jackson Correctional Institution. Therefore, on the court's own motion, plaintiff's complaint will be amended to replace all

1

references to the name "Mike Lang" with the name "David Lang." A copy of the complaint so amended is attached to this order. A separate copy of the amended complaint is being forwarded today to the Department of Justice for informal service of process on defendant David Lang. The parties are to insure that the caption of all future filings in this case reflect this name change.

## ORDER

IT IS ORDERED that, on the court's own motion, plaintiff's complaint is AMENDED to replace all references to the name "Mike Lang" with the name "David Lang." A copy of the amended complaint is attached to this order. For the remainder of this lawsuit, the caption of all filings are to reflect this modification.

Further, IT IS ORDERED that pursuant to the informal service agreement between the Attorney General and this court, a copy of plaintiff's amended complaint is being sent today to the Attorney General for service on defendant David Lang.

Entered this 5th day of March, 2008.

BY THE COURT:

*Barbara B. Crabb*
BARBARA B. CRABB
District Judge

2

# United States District Court
# Western District of Wisconsin

Ivan D. Bruette,
(Full name of plaintiff[s])

089919
(Prisoner I.D. Number)

Case No. 08-C-0028-S
(Provided by clerk of court)

Plaintiff(s),

v.

~~James Greer,~~ ~~Randall Hepp~~, ~~Melinda Derus~~, DAVID ~~Mike~~ Lang, Kenneth Adler, ~~Sharon Zunker~~, Tammy Maassen, ~~Jodi Dougherty~~
(Full name of defendant[s])

Defendant(s). Carla Thompson

## AMENDED COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

I. **PLACE OF PRESENT CONFINEMENT** (Provide full address)

---

A. Is there a grievance procedure in your prison/jail?   YES ☑   NO ☐

B. Have you filed a grievance concerning the facts relating to this complaint?
YES ☑   NO ☐

C. If you have used the grievance process:

1. Describe what you did and the result, if any.
Filed 4 inmate Complaints 3 dismissed, 1 rejected

2. Is the grievance process completed? yes

D. If you did not use the grievance process, explain why not.

4/07
P:\Forms\42USC1983.Complaint

II. **PARTIES**

A. Your name (Plaintiff) Ivan D. Bruette

B. Prisoner I.D. Number 89919

C. Your address J.C.I. PO Box 233 Black River Falls WI 54615

(For additional plaintiffs provide the same information in the same format on a separate page.)

D. DEFENDANT (name) Randall Hepp

is employed as Warden

at Jackson Correctional Institution P.O. Box 232 Black River Falls WI 54615

E. Additional DEFENDANTS (names and positions):
Tammy Maassen Health Service Manager, JCI. James Greer, Dir. BHS
Dr. Kenneth Adler, J.C.I., MD., Sharon Zunker, Rn, Nursing Coordinator, BHS. DAVID
Melinda Derus, J.C.I Unit Manager, Mike long, Sgt. JcI.
Jodi Dougherty, ICE, JCI. Carla Thompson, Rn, JCI.

III. **PREVIOUS LAWSUITS**

A. Have you begun other lawsuits in state or federal court relating to the same facts involved in this action?   YES ☐   NO ☒

B. Have you begun other lawsuits in state or federal court relating to your imprisonment?   YES ☐   NO ☒

C. If your answer is YES to either of the above questions, provide the following requested information.

1. Parties to the previous lawsuit

Plaintiff(s): _____

_____

Defendant(s): _____

_____

2. Date filed _____

3. Court where case filed (if federal court, name district; if state court, name the county) _____

4. Case number and citation _____

5. Basic claim made _____
_____

6. Current status (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____
_____

7. If resolved, date of disposition _____

8. If resolved, state whether for _____
   (Plaintiff or Defendant)

(For additional cases, provide the above information in the same format on a separate page.)

## IV.    STATEMENT OF CLAIM

A. State as briefly as possible the facts of your case. Describe how each named defendant is involved. Include the names of other persons involved, dates, and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

I claim that my eighth amendment right against unnecessary and wanton punishment has been violated. In June of 2007, I sustained a back injury as a result of falling off of the top bunk bed. Since then I have been in constant agony. The pain can best be described as throbbing, stinging, knifelike pain. The pain is nagging and continuous. Whereas Dr. K. adler JCI, HSU is violating my right against cruel and unusual punishment by inadequatly providing pain medication, making me suffer in

Complaint Under the Civil Rights Act                                    Page 3

**STATEMENT OF CLAIM continued**

excruciating pain. By suffering my mental and physical health has deteriated. I have gained weight, lost mobility, and have elevated blood pressure, as a result of pain. When Dr. Adler has prescribed medication it takes J.C.I HSU. weeks to fill prescriptions. When I complained to Dr. Adler. His response was "that he had no control over it." Whereas Dr. Adler prescribed non narcotic medications. His reasoning was "you know how I feel about narcotics." Whereas Dr. Adler refused to authorize a handicap cell and forced me to live in a two man cell even though I use a walker and/or cane, therefore creating a hostile living enviroment by infringing on my cell mates living space and denying me the freedom to move. I further claim that Tammy Maassen, Health Service Unit manager, J.C.I., Carla Thompson, Rn. JCI., et al, delayed, altered, and or denied doctors orders, and prescriptions on several occasions.

B.  State briefly your legal theory or cite appropriate authority.

Unnecessary and wanton infliction of pain. Significant injury, pain and loss of function. Estelle v Gamble 429 US 97., Fitzgerald v. Greer 2007 U.S. Dist Lexus 74816 Fillmore v. Page, 358 F.3d 496, 505-06 (7th Cir 2004) Eighth Amendment. Walker v. Benjamin, 293 F.3d 1030 Farmer, 511 US 842 Brock v. Wright 315 F.3d 158, 162

Statement Of Claim continued

Whereas Dr. Adler prescribed vicodiene on August 20, 2007. Prescription not filled by August 28, 2007

Whereas Dr. Adler prescribed gabapentin on November 12, 2007. Prescription not filled by November 28, 2007

Whereas Dr. Adler prescribed Piroxicam, Baclofen, epidural steroid injection, on December 18, 2007. Prescription not filled as of January 10, 2008

Whereas Dr. Kitowski prescribed tramadol, and flexacil on January 7, 2008. Prescription still not filled as of January 10, 2008

Whereas Dr. Adler prescribed Lidocaine ointment on (December 18, 2007.), to be used twice daily as needed. Hsu staff determined as needed to be morning and evening.

Whereas Dr. Adler on November 12, 2007. ordered accommodations be made for me to walk. No accommodations have been made

Page 4a.

Statement of Claim continued

Pain so severe I passed out and fell down. I was then taken to Black River Falls Memorial Hospital where I was admitted for pain management. I was released from the hospital on January 7, 2008, with a order for tramadol, flexaril, and given a walker. When I was released from JCI HSU waiting room I was made to walk back to the unit (a distance over 200yrds). When I reached the unit I was sick to my stomache and in excruciating pain.

On January 8th, 2008 I walked to and from the HSU medline. HSU did not have no meds (pain) for me. I took my physc meds for Manic depression. January 9th 2008 I did not go because I hurt so bad. On January 10th I had to go up to medline because of the physc meds. I was ordered by Sgt Lang not to take the wheel chair, I told Sgt Lang that I hurt and havent had no pain meds since I got out of the hospital and further I needed my physc meds - He said tuff, put the chair back!

Whereas I have attempted to resolve my issue of inadequate pain management and handicap

Page 4c.

Statement Of Claim continued

Whereas Sgt. ~~Mike~~ DAVID Lang, C.O. J.C.I. Denied me access to medical care on two occasions. Furthermore Melinda Derus, Unit Manager, JCI. in her capacity turned a blind eye to my pleas for medical assistance with deliberate indifference.

On December 7, 2007, I informed Sgt. Lang before the noon medline, that I was not able to walk up to medline due to severe pain. Sgt. Lang's response was to put his arms out and shrug, and say 'So what!'

On December 9, 2007 I again approached Sgt. Lang before the noon medline requesting assistance. He responded in an aggresive manner. 'What do you want me to do about it? I said. 'get someone to push me up in the unit wheel chair!' He said. 'What do I look like, a doctor!'

I immediatly wrote a complaint of the incident to Ms. Derus. When I did not hear from Ms. Derus, I wrote a inmate Complaint examiner form (ICE) to Jodi Dougherty, ICE. where she dismissed my complaint.

On January 5th, 2008 while on my way to the bathroom in Neillsville Unit, I was overcome with back

Page 4b.

Statement of Claim Continued.

I have written letters to the ADA coordinator, Warden Randall Hepp to no avail.

Whereas I have written complaints to James Greer, Director, Bureau of Health Services, Sharon Zunker, Rn, Nursing Coordinator, Bureau of Health Services who dismissed my complaints.

Whereas I claim that Jodi Dougherty, ICE, JCI. Randall Hepp, Warden JCI, Sheron Zunker knowingly knew that I was receiving inadequate medical treatment and refused to intervene.

Whereas I claim that Carla Thompson, Rn, JCI refused to triage my pain issue and used her position to have correctional officers intimidate, threaten in retaliation over my complaints and request for treatment.

Page 4d.

## V. RELIEF YOU REQUEST

State briefly and exactly what you want the court to do for you. Make no legal arguments. Do not use this space to state the facts of your claim. Use it only to request remedies for the injuries you complain about.

NeuroSurgeon to evaluate me

Pain Management Specialist,

Handicap accommodations

Monetary damages for pain and suffering

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this _10_ day of _January_, 20_08_.

Signature of Plaintiff(s)

_[signature: Frank Bruette]_

(If there are multiple plaintiffs, each must sign the complaint)

Prisoner I.D. Number(s) _89919_