IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IVAN D. BRUETTE,

ORDER

Plaintiff,

08-cv-28-bbc

v.

DAVID LANG, KENNETH ADLER,
TAMMY MADSEN and CARLA THOMPSON,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated January 25, 2008, the Hon. John C. Shabaz granted plaintiff leave to proceed in this action on his claims that "Dr. Adler, Tammy Madsen and Carla Thompson denied him pain medication and handicap accommodations and that defendant Lang denied him access to medical care." Now defendants have moved for partial summary judgment, contending that plaintiff failed to exhaust his administrative remedies with respect to any claim he may have had against defendants Adler, Madsen and Thompson for failure to accommodate his "handicap" and his claim that defendant Lang denied him access to medical care. Defendants concede that plaintiff exhausted his administrative remedies with respect to his claim that defendants Adler, Madsen and Thompson denied him pain

1

medication.

As an initial matter, I have reviewed plaintiff's amended complaint, which is the operative pleading in this case, and fail to find any facts supporting a claim that defendants Madsen and Thompson refused to accommodate plaintiff's "handicap." The only allegations in the complaint suggesting a failure to accommodate plaintiff's medical condition (severe pain from a back injury) are that defendant Adler refused to order plaintiff to be housed in a handicap cell so that he could move about more freely with his walker and cane and that defendant Lang refused to let plaintiff use a wheelchair to travel to the Health Services Unit. Therefore, in deciding whether plaintiff has exhausted his administrative remedies with respect to his claim that one or more of the defendants failed to accommodate his handicap, I am considering plaintiff's claim to be directed at defendants Adler and Lang only. This limitation will not prejudice plaintiff or defendants because the evidence shows that plaintiff did not exhaust his administrative remedies with respect to a failure to accommodate claim against any defendant.

Defendants' motion for partial summary judgment will be granted. The evidence submitted by defendants shows that plaintiff never appealed the dismissal of any inmate complaint related to his claims that defendant Lang refused to let him use a wheelchair to go to the Health Services Unit or that defendant Adler refused to order his placement in a handicap cell. Moreover, the evidence shows that plaintiff never appealed the dismissal of

2

the only inmate complaint he filed asserting generally that defendant Lang denied him medical care.

From the parties' submissions in connection with the motion for partial summary judgment, I find the following facts to be material and undisputed.

FACTS

In June 2007, plaintiff suffered a back injury. In his amended complaint, plaintiff alleges that defendants failed to provide him with medication and accommodations such as a handicap cell assignment and the use of a wheelchair. In addition, he alleged broadly that defendant Lang and others denied him medical care. Plaintiff did not provide specific factual allegations regarding the latter claim.

Between June 2007 and the date of filing the original complaint in this case, plaintiff filed six inmate complaints. Of those six complaints, two relate to plaintiff's claims against defendant Lang. In inmate complaint JCI-2007-36998, plaintiff complained that defendant Lang twice refused to help him or get someone to push him in a wheelchair after plaintiff told defendant Lang that he was unable to walk "up to medline" to receive his medicine. In inmate complaint JCI-2007-37000, plaintiff complained that defendant Lang and others were denying him medical treatment. Both of the complaints were dismissed. Plaintiff did not appeal the dismissals to the Corrections Complaint Examiner.

3

None of the six inmate complaints plaintiff filed identifies as a concern defendant Adler's alleged refusal to order his placement in a handicap cell.  Plaintiff does make a general reference in complaint no. JCI-2007-37000, to "numerous 3035 health request forms" he sent to defendant Adler (in opposition to defendants' motion, plaintiff supplied several of those health request forms, one of which shows a request for "accommodations" promised by Adler and notes plaintiff's limited ability to walk around his cell).  Plaintiff did not appeal the dismissal of this complaint to the Corrections Complaint Examiner.

OPINION

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court, which requires a prisoner to "file complaints and appeals in the place, and at the time, the prison's administrative rules require."  Burrell v. Powers,  431 F.3d 282, 284-85 (7th Cir. 2005) (citing Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir.2002)).   To satisfy exhaustion requirements, the prisoner must give the prison grievance system "a fair opportunity to consider the grievance," which requires that the complainant "compl[y] with the system's critical procedural rules," Woodford v. Ngo, 126 S.Ct. 2378 (2006) and that the grievance "contain the sort of information that the administrative system requires."  Strong v. David, 297 F.3d 646, 649 (7th Cir. 2002). Unless an administrative system imposes strict pleading requirements explicitly,

4

> a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.  As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief.  All the grievance need do is object intelligibly to some asserted shortcoming.

Strong, 297 F.3d at 650.  Section 1997e(a) requires more than simply notifying the prisoner grievance system once; a prisoner must take any administrative appeals available under the administrative rules.  Burrell,  431 F.3d at 284-85.

Wisconsin inmates have access to an administrative grievance system governed by the procedures set out in Wis. Admin. Code §§ DOC 310.01-310.18.  Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner.  An institution complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements or recommend to the appropriate reviewing authority that they be granted or dismissed.  Wis. Admin. Code § DOC 310.07(2). However, if the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority may dismiss, affirm or return the complaint for further investigation.  Wis. Admin. Code § DOC 310.12. If an inmate disagrees with the decision of the reviewing authority, he may appeal to a corrections complaint examiner, who is required to conduct additional investigation where appropriate and make a recommendation to the Secretary of the Wisconsin Department of Corrections.  Wis. Admin. Code § DOC 310.13.  Within ten working days of receipt of the

5

corrections complaint examiner's recommendation, the Secretary must accept the recommendation in whole or with modifications, reject it and make a new decision or return it for further investigation. Wis. Admin. Code § DOC 310.14.

The facts reveal that plaintiff failed to appeal the dismissal of complaint nos. JCI-2007-36998 and JCI-2007-37000 to the corrections complaint examiner as required by the prison's administrative rules. In addition, the facts show that plaintiff did not file any other inmate complaint before filing his lawsuit in this court in which he raised his claim that defendants Lang and Adler failed to accommodate his disability by putting him in a handicap cell or authorizing his use of a wheel chair or his claim that defendant Lang denied him medical care. By failing to "take a timely administrative appeal within the state system," plaintiff has failed to exhaust his administrative remedies under § 1997e(a) for his claims that defendants Adler, Madsen and Thompson denied him handicap accommodations and that defendant Lang denied him handicap accommodations and access to medical care. Burrell, 431 F.3d at 284-85. Therefore, I will grant defendants' motion for summary judgment with respect to these claims.

Defendants concede that plaintiff exhausted his administrative remedies with respect to his claim that defendants Adler, Madsen and Thompson denied him pain medication. Therefore, this claim remains to be resolved on a motion for summary judgment filed within the time allowed in Magistrate Judge Stephen Crocker's preliminary pretrial conference order

6

or at trial.

ORDER

IT IS ORDERED that

1.  The motion for partial summary judgment filed by defendants Kenneth Adler, Tammy Madsen, Carla Thompson and David Lang is GRANTED.  Plaintiff's claims that defendants Adler and Lang failed to accommodate his disability and that defendant Lang denied him medical care are DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies;

2.  Defendant Lang is DISMISSED from the case; and

3.  To the extent that the parties may be of the understanding that plaintiff is pursuing a claim that defendants Madsen and Thompson failed to accommodate plaintiff's disability, the claim is DISMISSED because there are no factual allegations in plaintiff's amended complaint to support such a claim.

Entered this 2d day of July, 2008.

BY THE COURT:

*Barbara B. Crabb*

_____
BARBARA B. CRABB
District Judge

7