IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IVAN D. BRUETTE

                                                                                        ORDER

                      Plaintiff,

                                                                                      08-cv-28-bbc

     v.

KENNETH ADLER, TAMMY MADSEN and
CARLA THOMPSON,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On July 2, 2008, I dismissed plaintiff's claims that defendant Kenneth Adler and David Lang failed to accommodate his disability and that defendant Lang denied him medical care, because defendants succeeded in showing that plaintiff failed to exhaust his administrative remedies with respect to these claims. Because there were no other claims against defendant Lang, I dismissed Lang from the case. Also in the July 2 order, I noted that when Judge Shabaz granted plaintiff leave to proceed in this action, he inadvertently included defendants Maassen and Thompson as individuals against whom plaintiff was raising a claim of failure to accommodate his disability. However, I reviewed the amended complaint in this case and found no factual allegations to support such a claim. Therefore,

1

I ruled that "to the extent that the parties may be of the understanding that plaintiff is pursuing a claim that defendants Madsen and Thompson failed to accommodate plaintiff's disability, the claim is dismissed because there are no factual allegations in plaintiff's amended complaint to support such a claim." Plaintiff's claim that defendants Adler, Madsen and Thompson denied him pain medication remains for resolution on a motion for summary judgment or at trial.

Now plaintiff has filed a notice of appeal from the July 2 order. Because plaintiff's notice of appeal is not accompanied by the $455 fee for filing an appeal, I construe the notice to include a request for leave to proceed in forma pauperis on appeal.

The first obstacle plaintiff faces here is the fact that the July 2 order is not a final judgment or order that may be appealed. In rare instances, a party may appeal a non-final decision. 28 U.S.C. § 1292 states in relevant part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

I purposely did not include in the July 2 order a finding that an interlocutory appeal would be proper. That order does not involve a controlling question of law as to which there is substantial ground for difference of opinion, and a prompt appeal from the order will not

2

materially advance the ultimate termination of this litigation. Indeed, it will serve only to delay it.

Even if I were to construe plaintiff's motion as including a motion for entry of final judgment with respect to defendant David Lang, the motion would not be granted. Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part that:

> when multiple parties are involved [in a lawsuit], the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however, designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The purpose of Rule 54(b) is to avoid "piecemeal disposal of litigation." Advisory Comm. Notes. Under this rule, a judge has the power to enter final judgment whenever there are multiple parties following an order that finally resolves a party's liability even though the case continues in the district court between the other parties.

As a general rule, however, the court of appeals frowns on the entry of partial final judgments, <u>Doe v. City of Chicago</u>, 360 F.3d 667, 673 (7th Cir. 2004) (judge has power to enter final judgment under Rule 54(b), but not duty), unless the order to be appealed from finally resolves a party's entire liability. Entering a partial final judgment requires a court

3

to determine that no just reason for delay exists.  Fed. R. Civ. P. 54(b).  One "just reason" can be the need to develop a factual basis for disputed questions of law, id.; another may be to relieve the court of appeals of the need to familiarize itself with the factual and legal issues of a case more than once.  Here, the latter reason applies.  Plaintiff made a joint claim against defendants Lang and Adler that has been dismissed, but plaintiff cannot appeal the dismissal of that claim against Adler now, because there is one more claim remaining to be resolved against Adler.  Plaintiff would have to limit his present appeal to his claims against Lang alone.  This means that if, when the case is finally resolved against defendant Adler, plaintiff files a subsequent appeal, the court of appeals would be required to go over at least one issue twice, once as to Lang and again as to Adler.    Because the entry of judgment with respect to plaintiff's claims against defendant Lang will likely lead to piecemeal appeals that will require the court of appeals to review the same factual record more than once, I will not enter judgment pursuant to Rule 54(b) on plaintiff's claims against former defendant David Lang.

Unfortunately, plaintiff's impulsive submission of his notice of appeal is not only futile, it is costly.  As plaintiff should be aware, because he is a prisoner, he must pay the full cost of filing a notice of appeal.  He owes the money whether his appeal is meritorious, procedurally defective, or lacking in legal merit.  If he were to qualify for indigent status, he would be allowed to pay the fee in monthly installments, beginning with an initial partial

4

payment. However, if his appeal is certified as not having been taken in good faith, he may not proceed in forma pauperis and instead, he must pay the full amount of the fee immediately.

I must certify that plaintiff's appeal is not taken in good faith. Plaintiff failed to present one iota of evidence that he exhausted his administrative remedies with respect to the claims that were dismissed in the July 2 order and defendants proved that plaintiff never took an appeal from any grievance he may have filed on matters relating to the dismissed claims. Moreover, plaintiff does not suggest that I erred in concluding that he failed to allege any facts in his amended complaint that would support a claim that defendants Madsen and Thompson refused to accommodate his handicap. Because plaintiff has advanced no legally meritorious reason for taking an appeal from the July 2 order, I will certify that the appeal is not taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, plaintiff cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Pursuant to Fed. R. App. P. 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order. Plaintiff should be aware that if the court of appeals agrees with this court that the

appeal is not taken in good faith, it will send him an order requiring him to pay all of the filing fee by a set deadline.  If plaintiff fails to pay the fee within the deadline set, the court of appeals ordinarily will dismiss the appeal and order this court to arrange for collection of the fee from plaintiff's prison account.

## ORDER

IT IS ORDERED that plaintiff's notice of appeal is construed to include a motion for leave to proceed in forma pauperis on appeal, and that motion is DENIED.  I certify that plaintiff's appeal from the July 2, 2008 non-final order entered in this case is not taken in good faith.

The clerk of court is requested to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in this court's financial records.

Entered this 4th day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge