IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IVAN D. BRUETTE,

                                                                                        ORDER

                Plaintiff,

                                                                                         08-cv-28-bbc

      v.

KENNETH ADLER, TAMMY MADSEN and
CARLA THOMPSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On August 4, 2008, I denied plaintiff's motion for leave to proceed <u>in forma pauperis</u> on appeal from a non-final order entered in this case on July 2, 2008, and I concluded that plaintiff's appeal was not taken in good faith. Now plaintiff has filed a document titled "Letter in Response to Court Order Dated August 4, 2008 Motion to Proceed In Forma Pauperis." In this document, plaintiff asks the court to forgive his lack of understanding of proper court procedure and to rescind the order certifying his appeal as not having been taken in good faith.

I have no reason to doubt plaintiff's representation that it was his lack of familiarity with the rules of civil and appellate procedure that caused him to file a notice of appeal

1

before his case has been fully resolved, and not any malicious intent on his part. In certifying that plaintiff's appeal was not taken in good faith, I did not attribute any malicious intent to plaintiff's appeal. "Bad faith" means nothing more than "lacking in legal merit." Lucien v. Roegner, 682 F.2d 625, 626 (7th Cir. 1982) (district courts instructed to find bad faith when party seeks to raise on appeal claims the court has found lacking in legal merit); Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). Plaintiff's appeal lacks legal merit. It is not only premature, but it fails to raise any meritorious argument that I erred in finding that plaintiff has not exhausted his administrative remedies with respect to certain of his claims and did not include in his amended complaint allegations supporting a claim that defendants Maassen and Thompson failed to accommodate his disability. Therefore, there is no basis for rescinding the August 4, 2008 order certifying that plaintiff's appeal is not taken in good faith and denying his request for leave to proceed in forma pauperis on appeal.

In any event, if plaintiff believes this court was wrong to deny his request for leave to proceed in forma pauperis on appeal or certify his appeal as not having been taken in good faith, his recourse is not to reargue the matter in this court. As I have advised plaintiff already, he has until September 3, 2008, in which to ask the court of appeals to review this court's order of August 4. His motion in that court must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of the August 4 order.

2

ORDER

IT IS ORDERED that plaintiff's request that I rescind the August 4, 2008 order entered in this case is DENIED.

Entered this 15th day of August, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge